PAUL B. BEACH, State Bar No. 166265
OSCAR BUSTOS, State Bar No. 279212
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles, Joseph Cronin, and Michelle Durazo

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELVIRA QUINTANILLA CEBREROS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; JOSEPH CRONIN; MICHELLE DURAZO; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. _____<br><br>[State Court Case No. 20STCV27271, Los Angeles Superior Court, Central District]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT; EXHIBITS; DEMAND FOR JURY TRIAL**<br><br>**[28 U.S.C. § 1441, 1446; Rule 11]** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant County of Los Angeles hereby removes to the United States District Court a civil action entitled *Maria Elvira Quintanilla Cebreros v. County of Los Angeles, et al.,* which was filed in the Los Angeles Superior Court, Case No. 20STCV27271. Removal is made under 28 U.S.C. §§ 1441 and 1446 and based on the following:

///

///

1

1. On or about July 20, 2020, this action was filed in the Los Angeles Superior Court by Plaintiff Maria Elvira Quintanilla Cebreros ("Plaintiff") against Defendants County of Los Angeles, Joseph Cronin, and Michelle Durazo (collectively, "Defendants"). Attached hereto as Exhibit "1" is a true and correct copy of the Complaint filed in the state court action.

2. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). Federal district courts have original jurisdiction in the district courts over all actions brought under 42 U.S.C § 1983. *See* 28 U.S.C. § 1343(a)(3). Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions. *See* 28 USC § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

3. Plaintiff's Complaint contains two theories of liability based on 42 U.S.C. § 1983 found in the Second and Third Causes of Action.[1] Plaintiff's claims under § 1983 are predicated upon alleged violations of the rights secured by the United States Constitution, including violations of due process under the Fourteenth Amendment. Plaintiff's claims therefore arise under federal law in that they "require[] resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). Plaintiff's "right to relief…necessarily depend[s] on the resolution of a substantial

---

[1] Plaintiff also asserts a state law claim for failure to perform a mandatory duty. When an action is removed to federal court, the federal court has jurisdiction to also determine all pendent state claims "that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." *See* 28 U.S.C. § 1367. Such is the case with the pendent state claim here.

2

CEBREROS\NOTICE OF REMOVAL

1  question of federal law, … in that federal law is a necessary element of one of the
2  well pleaded … claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S.
3  800, 808 (1988) (*quoting Franchise Tax Bd.*, *supra*, 463 U.S. at 27-28).
4  Accordingly, this Court has original jurisdiction over this matter pursuant to 28
5  U.S.C. §§ 1331 and 1343(a)(3), and this matter may therefore be removed to federal
6  court by the County under 28 U.S.C. § 1441(a).

7        4.     In addition, this Court also has original jurisdiction of this matter under
8  28 U.S.C. § 1332.  Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have
9  original jurisdiction of all civil actions where the matter in controversy exceeds the
10 sum or value of $75,000, exclusive of interest and costs, and is between … citizens
11 of a State and citizens or subjects of a foreign state …."  "[A] defendant seeking to
12 remove a case to federal court may rely solely on an allegation of residence in the
13 complaint because 'a person's residence is prima facie evidence of domicile and
14 citizenship.'"  *Marin v. Target Corp.*, 2020 WL 5407454, at *2 (C.D. Cal. Sept. 9,
15 2020) (quoting *Lee v. BMW of N.A, LLC*, 2019 WL 6838911, at *2 (C.D. Cal. Dec.
16 16, 2019) (finding allegation in defendant's notice of removal, based only on
17 plaintiff's statement of residence in the complaint, was sufficient to support removal
18 based on diversity jurisdiction)).  Here, Plaintiff alleges that she is a resident of
19 Tijuana, Mexico (*see* Exhibit "1" – Complaint, ¶ 1) and therefore such allegation is
20 prima facie evidence that Plaintiff is domiciled in and a citizen of Mexico.
21 Defendants are each citizens of California.  Accordingly, complete diversity exists
22 between Plaintiff and Defendants.

23       5.     With respect to the amount in controversy requirement, when a
24 complaint does not identify damages with specificity, a defendant seeking to remove
25 a case to federal court must demonstrate that it is "more likely than not" that the
26 amount in controversy will be satisfied.  *Sanchez v. Monumental Life Insurance*
27 *Company*, 102 F.3d 398, 404 (9th Cir. 1996).  Here, Plaintiff alleges that she seeks
28 in excess of $25,000 in damages. (*See* Exhibit "1" – Complaint, ¶ 9.)  In addition,

CEBREROS\NOTICE OF REMOVAL

Plaintiff seeks recovery of statutory attorney's fees.  (*See* Exhibit "1" – Complaint, ¶¶ 54 & 66.)  When an "underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Here, if Plaintiff prevailed on her federal claims, 42 U.S.C. § 1988 permits the Court, in its discretion, to award reasonable attorney's fees to her.  Given the federal claims at issue (which include a *Monell* claim), the amount of damages Plaintiff seeks in her complaint, and her request for attorney's fees, it is more likely than not that the amount in controversy here exceeds $75,000.  Accordingly, this Court also has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. Removal is timely.  *See* 28 U.S.C. § 1446(b) (requiring the notice of removal to be filed within thirty-days of service of the pleading).  The thirty-day period is triggered upon completion of formal service of process on the defendant in accordance with state law.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  Where there are multiple defendants, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Here, Plaintiff attempted to effectuate service of the summons and complaint on Defendants by mail pursuant to California Code of Civil Procedure § 415.30.  However, "[s]ervice of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." Code of Civil Procedure § 415.30(c).  Upon information and belief, only Defendant Joseph Cronin signed acknowledgment of receipt and returned it to Plaintiff.  Therefore, only Defendant Joseph Cronin was formally served through the process set forth in Code of Civil Procedure § 415.30.

7. In an effort to resolve the formal service issues as to the remainder of the Defendants, including the County of Los Angeles and Michelle Durazo, the

parties entered into an agreement whereby all Defendants accepted service of the summons and complaint effective September 21, 2020. (*See* Exhibit "2" – September 21, 2020 Email Confirming Service.) This Notice of Removal is filed with this Court within 30 days of this effective service date and is therefore timely. *See Lopez v. Michael Weinig, Inc.*, 2020 WL 4192260, at *1 (C.D. Cal. July 17, 2020) ("[i]n a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant.")

8. All named defendants – Defendants County of Los Angeles, Joseph Cronin and Michelle Durazo – are currently represented by the undersigned attorney and expressly consent to, and join in, this Notice of Removal. Any Doe Defendants who have not been named or served have not yet joined in this removal notice. *See Destfino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011) (defendants who were not properly served were not required to join in petition for removal).

9. A copy of this Notice of Removal will be filed with the Clerk of the Los Angeles Superior Court, Central District, and a copy of this Notice is being served on counsel for Plaintiff.

10. Copies of all other process, pleadings and orders served upon Defendants in the action filed in Los Angeles Superior Court are attached hereto collectively as Exhibit "3"-"12".

Dated: October 8, 2020					LAWRENCE BEACH ALLEN & CHOI, PC


						By____/s/ Oscar A. Bustos_____
							Paul B. Beach
							Oscar A. Bustos
							Attorneys for Defendants
							County of Los Angeles, Joseph Cronin,
							and Michelle Durazo

CEBREROS\NOTICE OF REMOVAL

# DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Los Angeles, Joseph Cronin, and Michelle Durazo request a trial by jury under Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated:  October 8, 2020             LAWRENCE BEACH ALLEN & CHOI, PC


                                    By____/s/ Oscar A. Bustos_____
                                        Paul B. Beach
                                        Oscar A. Bustos
                                        Attorneys for Defendants
                                        County of Los Angeles, Joseph Cronin,
                                        and Michelle Durazo

CEBREROS\NOTICE OF REMOVAL

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Oscar A. Bustos, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 West Broadway, Suite 1200, Glendale, CA 91210.

On October 8, 2020, I served the foregoing **NOTICE OF REMOVAL TO FEDERAL COURT; EXHIBITS; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Laura Sasaki
Arendsen Braddock
1245 Island Ave.
San Diego, CA 92101

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 8, 2020, at Glendale, California.

                                          /s/ Oscar A. Bustos
                                          Declarant

CEBREROS\NOTICE OF REMOVAL